IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAGIM MELKA, #38485515 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-00215-S (BT) |
| | § | |
| DEPUTY FRANKLIN, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dagim Melka—who, at the time this suit was filed, was incarcerated in the Collin County Detention Facility—filed a civil rights action claiming that the defendants unlawfully imprisoned him, assaulted him, conspired against him, and deprived him of his civil rights. ECF No. 3 at 5.

Melka filed a motion for leave to proceed *in forma pauperis*, but he did not include a certificate of inmate trust account with his application in accordance with the filing fee requirements of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(a)(2). Accordingly, the Court issued an order and notice of deficiency (NOD) directing Melka to file a signed certificate of inmate trust account by February 29, 2024, and warned him that his failure to comply would result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 5.

Melka did not comply with the NOD or otherwise respond to it. Instead, mail sent to Melka has been returned as undeliverable because he is no longer in

custody. ECF Nos. 6, 7. And he has not provided the Court with an updated address despite instructions to do so in the Court's standard "Instructions to a Prisoner Pro Se Plaintiff." ECF No. 2 at 1.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Melka's failures to provide the Court with a certificate of inmate trust account and to update his address—despite orders and instructions from the Court—prevent this case from proceeding and show that he does not intend to prosecute this case. Therefore, the Court should dismiss Melka's case without prejudice for failure to prosecute and failure to follow Court orders. *See, e.g.*, *Hunt v. City of Dallas, TX*, 2023 WL 5760030, at *2 (N.D. Tex. Aug. 8, 2023) ("By not

complying with the March 8 order to file an amended complaint and by not updating the Court as to his address—in addition to leaving the impression that he no longer wishes to pursue his claims—Hunt has prevented this action from proceeding and has thus failed to prosecute this lawsuit."), *rec. accepted* 2023 WL 5758884 (N.D. Tex. Sept. 5, 2023); *Strouse v. Mabry*, 2020 WL 13857088, at *2 (N.D. Tex. Nov. 23, 2020) ("The plaintiff failed to comply with the October 26, 2020 order that he file a certificate of inmate trust account or pay the filing fee within twenty-one days despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed."), *rec. accepted* 2021 WL 11718617 (N.D. Tex. Jan. 6, 2021); *Adams v. Thomas*, 2022 WL 877118, at *1-2 (N.D. Tex. Feb. 8, 2022) (recommending that the plaintiff's case be dismissed under Rule 41(b) because the plaintiff failed, despite instructions and orders, to provide an updated address), *rec. accepted* 2022 WL 875981 (N.D. Tex. Mar. 24, 2022).

## Recommendation

The Court should dismiss Melka's case without prejudice under Fed. R. Civ. P. 41(b) for want of prosecution and for failure to follow Court orders.

SO RECOMMENDED.

April 12, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.